IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| E.D., | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-2750 |
| v. | : | |
| DANIEL SHARKEY, BERKS COUNTY RESIDENTIAL CENTER-IMMIGRATION FAMILY CENTER (BCRC-IFC), COUNTY OF BERKS, PENNSYLVANIA, DIANE EDWARDS, Director of BCRC-IFC, JOHN BEHM, JAMIE HIMMELBERGER, BRITTANY ROTHERMEL, ERIKA TAYLOR, and MATTHEW MALINOWSKI, | : | |
| Defendants. | : | |

## **ORDER**

**AND NOW**, this 27th day of March, 2018, after considering the motion for summary judgment filed by the defendants, Berks County Residential Center-Immigration Family Center (BCRC-IFC) (hereinafter referred to as "BCRC"), County of Berks, Pennsylvania, Diane Edwards, Director of BCRC-IFC, John Behm, Jamie Himmelberger, Brittany Rothermel, Erika Taylor, and Matthew Malinowski (collectively, the "County Defendants"), and any attachments thereto (Doc. Nos. 80, 81), the response in opposition to the motion for summary judgment filed by the plaintiff, E.D., and any attachments thereto (Doc. Nos. 84, 85), the County Defendants' reply to the response in opposition to the motion for summary judgment and any attachment thereto (Doc. Nos. 88, 89); and after hearing oral argument from counsel for the parties on December 21, 2017; accordingly, it is hereby **ORDERED** that the motion for summary judgment (Doc. No. 80) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The motion for summary judgment, insofar as it seeks to have judgment entered in favor of the defendant, BCRC, is **GRANTED** and judgment is **ENTERED** in favor of the defendant, BCRC, and against the plaintiff, E.D.;[1]

---

[1] A district court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Additionally, "[s]ummary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning,* 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. New Jersey State Police,* 71 F.3d 480, 482 (3d Cir. 1995)). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

The party moving for summary judgment has the initial burden "of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Once the moving party has met this burden, the non-moving party must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted); *see* Fed. R. Civ. P. 56(c) (stating that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . .; or . . . [by] showing that the materials cited do not establish the absence . . . of a genuine dispute" (alterations to original)). The non-movant must show more than the "mere existence of a scintilla of evidence" for elements on which the non-movant bears the burden of production. *Anderson,* 477 U.S. 242, 252 (1986). Bare assertions, conclusory allegations, or suspicions are insufficient to defeat summary judgment. *See Fireman's Ins. Co. v. DuFresne,* 676 F.2d 965, 969 (3d Cir. 1982) (indicating that a party opposing a motion for summary judgment may not "rely merely upon bare assertions, conclusory allegations or suspicions"); *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999) (explaining that "speculation and conclusory allegations" do not satisfy non-moving party's duty to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor"). Additionally, the non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Moreover, arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Township of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985).

The court "may not weigh the evidence or make credibility determinations." *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Petruzzi's IGA Supermarkets., Inc. v. Darling–Del. Co. Inc.*, 998 F.2d 1224, 1230 (3d Cir. 1993)). Instead, "[w]hen considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter,* 476 F.3d 180, 184 (3d Cir. 2007). The court must decide "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and the court should grant summary judgment in favor of the moving party. *Matsushita Elec. Indus. Co.,* 475 U.S. at 587 (citation omitted).

Here, the County Defendants argue that the court should grant judgment in favor of the BCRC (which they contend is incorrectly identified by the plaintiff) because it has no existence separate from Berks County. *See* Br. in Supp. of the Mot. for Summ. J. of Defendants, Berks County Residential Center (Improperly Identified as "The Berks County Residential Center – Immigration Family Center"), County of Berks, Pennsylvania, Diane Edwards, John Behm, Jamie Himmelberger, Brittany Rothermel, Erika Taylor, and Matthew Malinowski ("Defs.' Br.") at 4. The plaintiff has not addressed this argument in her opposition to the motion. Regardless, the County Defendants are correct that the BCRC is not a proper defendant in this action under 42 U.S.C. § 1983. *See, e.g., Lenhart v.*

2. The motion for summary judgment, insofar as it seeks to have judgment entered in favor of the defendant, John Behm, is **GRANTED** and judgment is **ENTERED** in favor of John Behm and against the plaintiff, E.D.;[2]

3. The motion for summary judgment, insofar as it seeks to have judgment entered on behalf of the County Defendants as to the plaintiff's failure to protect claim under the Fourteenth Amendment to the United States Constitution, is **DENIED** because there are genuine disputes as to material facts which preclude the entry of judgment as a matter of law;[3]

4. The motion for summary judgment, insofar as it seeks to have judgment entered on behalf of the County Defendants as to the plaintiff's First Amendment retaliation claim, is **DENIED** because there are genuine disputes as to material facts which preclude the entry of judgment as a matter of law;[4]

---

*Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (pointing out that district court properly dismissed claims against Westmoreland County Prison because the prison is not a "person" who could be sued under section 1983); *Brown v. Chester Cty. Prison*, No. CIV. A. 16-3097, 2016 WL 3511545, at *3 (E.D. Pa. June 27, 2016) ("As county prisons are not 'persons' for purposes of § 1983, [the plaintiff] cannot state a claim against the Chester County Prison." (citing *Regan v. Upper Darby Twp.*, No. CIV. A. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd* 363 F. App'x 917 (3d Cir. 2010) (per curiam)); *K.S.S. v. Montgomery Cty. Bd. of Comm'rs*, 871 F. Supp. 2d 389, 395 (E.D. Pa. 2012) ("It is well established that arms of local municipalities—such as county departments and agencies like [the Montgomery County Office of Children and Youth]—do not maintain an existence independent from the municipality.").

[2] During oral argument on the motion for summary judgment, the plaintiff conceded that the court could grant the motion with respect to John Behm. In any event, the record does not show any genuine issue of material fact as to whether this defendant personally participated in any constitutional violation asserted by the plaintiff in this case.

[3] "[A] pretrial detainee presenting a failure-to-protect claim must plead that the prison official acted with deliberate indifference to the detainee's health or safety." *Burton v. Kindle*, 401 F. App'x 635, 638 (3d Cir. 2010) (per curiam). "Deliberate indifference" is a subjective standard in that "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Beers–Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). Thus, a plaintiff must show that the defendant was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

In accordance with Rule 56(a), there are genuine issues of material fact concerning, *inter alia*, (1) whether the plaintiff and Daniel Sharkey had a consensual sexual relationship, and (2) whether the individual defendants were deliberately indifferent to a risk of serious harm to the plaintiff, actually knew about that risk, and failed to act in response to that risk.

[4] To establish a claim against a defendant for unlawfully retaliating against a plaintiff for the plaintiff exercising his or her First Amendment right, the plaintiff must show: (1) "the conduct which led to the alleged retaliation was constitutionally protected[;]" (2) "that he suffered some adverse action at the hands of prison officials[,] . . . by demonstrating that the action was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights[;]" and (3) "his exercise of a constitutional right was a substantial or motivating factor in the

5. The motion for summary judgment, insofar as the County Defendants contend that Diane Edwards is entitled to summary judgment on the plaintiff's supervisory liability claim, is **DENIED** because there are genuine issues of material fact which preclude the entry of judgment as a matter of law;[5]

6. The motion for summary judgment, insofar as the County Defendants contend that Berks County is entitled to summary judgment as to the plaintiff's municipal liability claim in count III of the third amended complaint, is **DENIED** because there are genuine issues of material fact which preclude the entry of judgment as a matter of law;[6]

7. The motion for summary judgment, insofar as the County Defendants contend that the remaining individual defendants are entitled to qualified immunity, is **DENIED**;[7]

---

challenged decision." *Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001) (citations and internal quotation marks omitted). If the plaintiff establishes these three elements, "the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334. Here, there are genuine issues of material fact as to, *inter alia*, (1) whether and when the plaintiff engaged in constitutionally protected conduct, (2) whether the plaintiff suffered actual adverse actions at the hands of the County Defendants, and (3) whether the instances of purported retaliatory conduct were causally related to the plaintiff's exercise of her First Amendment rights.

[5] The plaintiff "must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of . . . injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001). As noted by the plaintiff in her brief in opposition to the motion, there are genuine issues of material fact as to Diane Edwards liability to the plaintiff in this action.

[6] There are genuine issues of material fact as to, *inter alia*, (1) whether the plaintiff's injuries resulted from the county's acquiescence in an unconstitutional custom or practice of the BCRC staff insofar as they turned a blind eye to an improper relationship between the plaintiff and Daniel Sharkey, and (2) whether the county failed to train, supervise, and discipline BCRC staff to prevent Daniel Sharkey from the sexual abuse and assault of the plaintiff, which constituted deliberate indifference.

[7] To establish an entitlement to qualified immunity, the court must determine whether (1) the defendants' conduct violated a constitutional right, and (2) the constitutional right the defendants' violated was a clearly established right of which a reasonable officer would be aware. *See Saucier v. Katz*, 533 U.S. 194, 194-95 (2001). The defendants would have the court define the right here as "an immigration detainee's right to have a county employee protect her from a concealed consensual sexual relationship with another county employee." Defs.' Br. at 33. The problems with characterizing the clearly established right as asserted by the County Defendants are: (1) it does not account at all for the relationship of the SCCs to the plaintiff, as they are charged with, *inter alia*, ensuring the BCRC residents' safety and exercised some control over residents in the BCRC and were not merely "county employees," and (2) the issue of whether the plaintiff's relationship with Daniel Sharkey was consensual raises a genuine issue of material fact. In addition, the court has previously described the applicable right here as the right to have a custodial government officer protect an immigration detainee from sexual assault of which the officer is aware, and this right appears to clearly established. *See* Mem. Op. at 17, Doc. No. 56. As indicated above, there is a factual dispute as to whether the individual defendants' conduct violated the plaintiff's constitutional right to be free from sexual assault.

8. The motion for summary judgment, insofar as the County Defendants argue that the court should grant judgment in their favor as to the plaintiff's claim for punitive damages against Berks County, is **GRANTED** and the plaintiff's claim for punitive damages against Berks County is **STRICKEN** from the third amended complaint; and

9. The motion for summary judgment, insofar as the County Defendants contend that the court should grant judgment in their favor as to the plaintiff's claim for punitive damages against the individual defendants, is **DENIED** because there are genuine issues of material fact which preclude the entry of judgment as a matter of law.[8]

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[8] There are genuine issues of material fact as to whether the defendants knowingly and maliciously deprived the plaintiff of her civil rights, which would entitle the plaintiff to an award of punitive damages.